### MARY A. WOOD *vs.* GEORGE ESSEX *et al.*

#### JULY 6, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Actions. Trespass Quare Clausum.*

An action of trespass *quare clausum fregit*, is properly brought under Gen. Laws, cap. 283, § 1, providing that "all actions of trespass for breaking and entering the close shall if brought in the Superior Court be brought in the court for the county and if brought in the district court in the district where the land lies," in the district court of the district where the *locus in quo* lies, and a motion to dismiss the action because the district court had no jurisdiction on account of the plea of title set up by defendant, was properly denied.

*(2) Trespass Quare Clausum. Evidence.*

In an action of trespass *quare clausum*, charging the tearing down of a wall, which was built the day preceding the day it was torn down, evidence showing what the wall cost to build was properly admitted.

*(3) Trespass Quare Clausum. Evidence.*

In an action of trespass *quare clausum*, charging the tearing down of a wall, on the plea of the general issue where the act was admitted, the only issue was the possession of plaintiff. Evidence of title in one other than the plaintiff

could not be shown under the general issue, but only under a plea of soil and freehold in such third party. Therefore as possession at the time of the alleged trespass was all that plaintiff had to prove, the action of the court in limiting defendant's proof of possession in a third party to a period of ten years prior to the trespass, gave defendant all the latitude to which he was entitled.

*(4)   Trespass Quare Clausum.   Evidence.   Plats.*

In an action of trespass *quare clausum,* where the only issue under the pleadings was the possession of plaintiff, a plat which could only serve to deny plaintiff's title but not his possession, was inadmissible.   For the same reason the record of the town council relating to the establishment of a highway by the town was inadmissible.   For the same reason also a statement of a predecessor in title to plaintiff about a boundary stone was properly excluded.

TRESPASS *quare clausum fregit.* Heard on exceptions of defendant and overruled.

PER CURIAM. This is an action of trespass *quare clausum fregit,* originally brought in the district court of the fourth judicial district. In the district court the defendants both pleaded the general issue; and in addition thereto, one of the defendants, Alice Essex, pleaded title in herself. On this latter plea the plaintiff joined issue. The district court gave decision for plaintiff for $9.36, and the defendants claimed a jury trial. The case was then tried in the Superior Court, in Kent County, before a justice of said court and a jury. At the opening of the trial to the jury the defendant, Alice Essex, withdrew her plea of title and the case went to the jury on the general issue only.

The trespass charged was the tearing down of a portion of a stone wall on the land in question. The defendants admitted that they tore down the wall, but denied plaintiff's possession of the land. The question of possession was submitted to the jury, and the jury brought in a verdict for the plaintiff for the full amount claimed, $9.36.

The defendants moved for a new trial, which motion was heard by the justice presiding, at Providence, and denied. The defendants duly excepted and the case is now before this court on their bill of exceptions.

The defendants' second exception is to the ruling by the trial justice denying the motion of the defendants to dismiss the case on the ground that the district court in (1) which the case was originally brought had no jurisdiction over the case on account of the plea of title set up by one of the defendants.

There is no merit in this exception. Gen. Laws of R. I., 1909, Chapter 283, § 1, provides: "All actions at law and suits in equity which concern the realty, or any right, easement or interest therein, or the possession thereof, all actions of trespass for breaking and entering the close of any plaintiff, and all actions in which the title to real estate may be tried and determined, shall, if brought in the Superior Court, be brought in the court for the county, and if brought in the district court, in the district where the land lies, and whenever the land consists of an entire tract lying partly in two or more counties or districts, such actions, if brought in the Superior Court, may be brought in such court for any county, or if brought in a district court, in any district where a portion of such land lies."

The locus in quo was within the district of the district court of the fourth judicial district, and the case was properly brought there.

The third, fourth and fifth exceptions relate to rulings of the trial justice, allowing the plaintiff to show what the wall which the defendants tore down actually cost to build.

The wall was built the day preceding the day on which the defendants tore it down.

(2) The evidence was properly admitted.

The sixth exception is to the ruling of the trial justice limiting the defendants' proof of possession in a third party (the Town of Warwick) to a period of ten years prior to the acts of trespass complained of.

We think that the defendants were given all the latitude to which they were entitled on this point. The action was trespass *quare clausum fregit*, the only plea, the general issue, so that the only issues were the possession of the

plaintiff, and the acts of trespass by the defendant. *Sayles*
v. *Mitchell*, 22 R. I. 238, *Carpenter* v. *Logee*, 24 R. I. 383.
The acts of trespass were admitted by the defendants and
the only issue left was the plaintiff's possession. The
evidence that defendants wished to introduce here was evi-
dence of title in one other than the plaintiff, to wit, the town
of Warwick. This could not be introduced under the general
(3) issue, but only under a plea of soil and freehold in the town of
Warwick. As possession at the time of the alleged acts of
trespass was all plaintiff had to prove, allowing defendants
to contradict plaintiff's possession for a period of ten years
previously was certainly giving the defendants all to which
they were entitled.

The seventh exception is to the ruling of the trial justice
refusing to allow in evidence a certain plat offered by the
defendants. This plat was made many years ago of land
(4) belonging to Josiah Arnold for a division of his estate. The
Josiah Arnold land was next south of the Wood property on
the same road. The plat was inadmissible because it could
not serve in any way to contradict plaintiff's possession at
the time of the alleged trespass, but only to deny her title
which could not be done under the pleadings.

The eighth exception is to the ruling of the court refusing
to allow in evidence the council record relating to the estab-
lishment of the above-mentioned highway in 1827. Upon
this the court said: "You have already introduced in
evidence a plat showing at sometime or other certain lines
were run. I am inclined to think perhaps I allowed you
a broader leeway than you were entitled to before. It strikes
me under our decisions, the whole of the question in 'issue
is whether or not plaintiff had possession, and the earlier
record establishment of a highway doesn't seem to me to
throw any light on the question whatever." The ruling was
proper.

The ninth exception is to the exclusion of a statement
of Daniel Wood, predecessor in title to plaintiff, about a
boundary stone, that was somewhere near the shed on the
East Greenwich Road. This testimony was properly

excluded. The question could bring out only matters relating to title, and the title was not in issue.

The first exception is to the denial by the trial justice of defendants' motion for a new trial on the ground that the verdict was against the law and the evidence.

The trial justice in his rescript denying the motion says: "The jury's finding in favor of the plaintiff was fully justified by the evidence." From our examination of the transcript we cannot say that his denial of a new trial was erroneous. There is nothing in the case to show that the jury were influenced by passion, prejudice or any improper motive.

All the defendants' exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

*John H. Flanagan,* for plaintiff.

*Frank M. Wilcox,* for defendants.